IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| SUE DE LARA, ) | |
| on behalf of herself and all others ) | |
| similarly situated, ) | 1:18-cv-22630 |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | |
| EDITION MANAGEMENT LLC, ) | |
| ) | |
| **Defendant.** ) | |

## CLASS ACTION COMPLAINT

### Preliminary Statement

Plaintiff Sue de Lara, on behalf of herself and all others similarly situated, brings this complaint against Edition Management LLC ("Edition" or "Defendant"), and complains and alleges upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys, and says:

### I. NATURE OF THE CASE

1. This is a consumer class action brought on behalf of people who, from four years prior to filing of this Complaint through and including the date of judgment (the "Class Period"), purchased food and/or drinks at a restaurant, bar, mini-bar, lounge, poolside dining area, in-room dining and/or other public food service establishment owned, operated and/or controlled by Defendant at The Miami Beach Hotel, located at 2901 Collins Avenue, Miami Beach, Miami-Dade County, Florida (the "Hotel") and were charged an automatic gratuity, service charge or other automatic fee in violation of the Florida Unfair Deceptive Trade Practices Act, Fla. Stat. Ann. 501.201 *et seq.* ("FDUTPA") and Miami-Dade County Code of Ordinances, Sec. 8A-

110.1(3). Defendant violated these Florida statutes in a number of ways, including but not limited to: unlawfully including an automatic gratuity or service charge for food and/or beverages without providing the statutorily required notice and/or presenting the notice of an automatic gratuity or service charge in small, hard to read type.

## II.    JURISDICTION AND VENUE

2. The Court has original jurisdiction of this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because a member of the Plaintiff Class is a citizen of a state different from the Defendant's home state, and the aggregate amount in controversy exceeds five million dollars ($5,000,000.00), exclusive of interest and costs.

3. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(a), (b), and (c) because the events giving rise to these claims occurred in the Southern District of Florida; Defendant and/or its agents were doing business in Florida; and/or Defendant is otherwise subject to personal jurisdiction in this judicial district.

4. The Court has personal jurisdiction over Defendant because the conduct giving rise to Plaintiff's claims occurred in Florida and Defendant conducts business transactions in Florida.

## III.    PARTIES

5. Plaintiff Sue de Lara ("Plaintiff" or "Representative Plaintiff") is a citizen and resident of New York.

6. Defendant Edition Management LLC is a Delaware limited liability company with its principal place of business in Maryland. Upon information and belief, Edition's sole member is Marriott International, Inc. a Delaware corporation with its principal place of business in Maryland.

## IV.     FACTUAL ALLEGATIONS

7. The Hotel is a public food service establishment, including public food service establishments located on the premises such as restaurants, bars, lounges, poolside dining areas, etc. The Hotel, as a public food service establishment, also provides food, drinks, and other snacks available for purchase in a customer's hotel room through the use of in-room dining services and mini-bars. Hereinafter, all such public food service establishments located at the Hotel will be referred to as "restaurants."

8. Upon information and belief, throughout the Class Period, Defendant operated, managed and/or controlled the Hotel.

9. FDUTPA, Fla. Stat. 501.204(1), declares "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce" to be unlawful.

10. FDUTPA, Fla. Stat. 501.203 states that a violation of FDUTPA may be based on any "law, statute, regulation, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices."

11. Fla. Stat. 509.214 concerns "notification of automatic gratuity charge" and provides: "<u>Every public food service establishment which includes an automatic gratuity or service charge in the price of the meal shall include on the food menu **and** on the face of the bill provided to the customer notice that an automatic gratuity is included.</u>" (Emphasis added).

12. Miami-Dade County Code of Ordinances Sec. 8A-110.1(3) states, in pertinent part:

> Each business <u>shall provide notice of (A) whether the business includes an automatic tip in its bill, and if so, the amount or method of calculation of the automatic tip . . . This notice shall be posted conspicuously, either on a sign or in a statement on the business's menu or price listing in the same form and manner as the other items on the menu or

3

<u>price listing, and written in a legible manner in English, Spanish and Creole</u>. (Ord. No. 99-163, § 1, 12-7-99) (Emphasis added).

13. The legislative history of Miami-Dade County Code of Ordinances Sec. 8A-110.1 states that the Miami-Dade County Commission "unanimously agreed that appropriate language be incorporated into the ordinance to clarify that a tipping policy had been established by the Miami-Dade County Commission and that the customer had the discretion to tip based upon the level of service provided," establishing the ordinance as a rule or regulation proscribing unfair or deceptive practices in trade or commerce by requiring the disclosure of automatic charges that a customer must pay.

14. Defendant violates Florida law at the restaurants in the Hotel by failing to provide the required notice on restaurant menus **and** the face of the bills provided to the customers that an automatic gratuity or service charge is added to a customer's check.

15. Defendant violates Miami-Dade County law at the restaurants in the Hotel by failing to conspicuously post the required notice on a sign in the restaurant or written legibly on the restaurant menus or price listing <u>in the same form and manner as the other items on the menu or price listing</u>, whether the business includes an automatic gratuity or service charge in the bill, and if so, the amount or method of calculation of the automatic charge.

16. Defendant violates FDUTPA at the restaurants in the Hotel through a variety of deceptive practices, including but not limited to:

    a. Failing to provide any notice or otherwise disclose on restaurant menus that an automatic gratuity or service charge of any amount is added to a customer's check;

    b. Failing to provide any notice or otherwise disclose on the faces of bills that an automatic gratuity or service charge of any amount is added to a customer's check;

    c. Failing to provide adequate notice on restaurant menus that an automatic

gratuity or service charge is added to a customer's check because the notice provided is written in small, difficult to read type; and

        d.    Causing confusion as to the nature of the automatic gratuity or service charge added to customers' checks.

### V.    CLASS ACTION ALLEGATIONS

17.    The Representative Plaintiff brings this action individually and as a class action, pursuant to Rules 23 of the Federal Rules of Civil Procedure, on behalf of the following Class:

> All persons who were customers of a restaurant, bar, mini-bar, lounge, poolside dining area, in-room dining and/or other public food service establishment at the Hotel during the Class Period and were billed and paid for food and/or beverages and the bill included an automatic gratuity, service charge and/or other automatic fee.

18.    Excluded from the Class are Defendant and its officers, directors, agents, employees, counsel and its subsidiaries and affiliates; Class Counsel, employees of Class Counsel's firm and associated law firm, and Class Counsel's immediate family members; the presiding Judge and Magistrate Judge and their immediate family members; and all persons who make a timely election to be excluded from the Class.

19.    The members of the Class are so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendant, Plaintiff avers, upon information and belief, that Defendant served and charged hundreds of thousands of customers during the Class Period.

20.    There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The common questions include whether:

        a.    Defendant engaged in the conduct alleged herein;

        b.    Defendant decided to or agreed to add a hidden automatic gratuity or

service charge to restaurant and bar bills;

  c. Defendant violated Florida statutory law by adding hidden automatic gratuity or service charges to restaurant and bar bills;

  d. Defendant used unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of its hotel business;

  e. Defendant made a material representation, omission, and/or engaged in practices likely to mislead people acting reasonably in the circumstances, to their detriment;

  f. Defendant's conduct violates consumer protection statutes, trade practices statutes as asserted herein;

  g. Defendant's conduct was part of a pattern or practice;

  h. Plaintiff and the Class overpaid for their food and beverages at Defendant's hotels and, if so, by how much;

  i. Plaintiff and the Class could reasonably have avoided the injury and harm;

  j. Plaintiff and the Class are entitled to equitable relief, including, but not limited to, declarative and injunctive relief and restitution; and

  k. Plaintiff and the Class are entitled to actual damages and other monetary relief.

21. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

22. The Representative Plaintiff will fairly and adequately protect the interests of the Class. Representative Plaintiff is committed to vigorously litigating this matter and has retained counsel who have litigated numerous class action lawsuits including cases involving unlawful business practices claims. Neither Representative Plaintiff nor her counsel have any interests

which might keep them from vigorously pursuing the claims or protecting the interests of all Class members.

23. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

24. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of the claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claim.

25. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is slight because of the sheer number of claims against the Defendant and complexity of the matter.

26. Management of the Class's claims is likely to present significantly fewer difficulties than those presented by massive numbers of individual claims. The identities of the Class members may be obtained from Defendant's records.

## VI. CAUSES OF ACTION

### COUNT I
### Violations of the Florida Unfair and Deceptive Trade Practices Act

27. Defendant owns, operates, manages and/or controls public food service establishments located in the Hotel under Fla. Stat. 509.214.

28. Defendant owns, operates, manages and/or controls businesses located in the Hotel as defined under Miami-Dade County Code of Ordinances, Sec. 8A-110.1(1).

29. Defendant conducts trade or commerce under Fla. Stat. § 501.202(2).

30. On March 27, 2018, Representative Plaintiff Sue de Lara went to the Market at Edition restaurant located at the Hotel.

31. Plaintiff ordered food and/or beverage items from the Market menu.

32. When Plaintiff reviewed the restaurant's menu to place her order, the required notice regarding an automatic service charge or gratuity was either not written on the menu or was written in a manner and form too small and/or inconspicuous to be noticed by Plaintiff.

33. When she was done eating, Plaintiff was presented with a restaurant bill (the "check").

34. Under the subtotal of the menu items on the check was written "18% SVC CHG," and a charge for eighteen percent of the meal subtotal was included in the check total.

35. Under the check total was an empty line for "ADDTL GRATUITY."

36. Plaintiff paid the check in full.

37. Defendant's practices at the Market violate FDUTPA in numerous ways, including but not limited to the following:

    a. By including an automatic gratuity or service charge without providing the required notice, or not providing adequate notice to customers of this charge because the notice, if present, is written on the menu in small, hard to read type;

    b. By including an automatic gratuity or service charge without providing adequate notice to customers of this charge, because the notice, if present, is written in type that

is smaller and less bold than the other items on the menu, in violation of Miami-Dade County Code of Ordinances, Sec. 8A-110.1(1);

      c.      By causing confusion as to the nature of the automatic gratuity or service charge added to customers' checks by including an empty line on the face of the bill for an "ADDTL GRATUITY;" and

      d.      By including an automatic gratuity or service charge without providing the required notice to customers of this charge, because the notice is not written on both the menu and the face of the bill, in violation of Fla. Stat. 509.214.

38. Upon information and belief, the Matador Bar, the Matador Room and the Tropicale, all restaurants located at the Hotel, also include automatic gratuities or service charges on customers' bills without providing proper notice on the menu and face of the bill of the charges, and Defendant's practices at these restaurants violate FDUTPA in the same ways as the Market, as set forth in the preceding paragraph.

39. Attached as Exhibit A is a copy of the menu for the Market with no notice of an automatic gratuity or service charge.

40. Attached as Exhibit B is a copy of the menu for the Matador Bar with no notice of an automatic gratuity or service charge.

41. Attached as Exhibit C is a copy of the menu for the Matador Room with no notice of an automatic gratuity or service charge.

42. Attached as Exhibit D is a copy of the menu for the Tropicale with no notice of an automatic gratuity or service charge.

43. Defendant's acts and omissions constitute violations of Fla. Stat. § 509.214, found under Title XXXIII which sets forth the Regulation of Trade, Commerce, Investments, and Solicitations.

44. Fla. Stat. § 509.214 is a law related to trade or commerce that proscribes unfair, deceptive, or unconscionable acts or practices by requiring the disclosure of certain automatic charges that a customer must pay.

45. Even at restaurants where Defendant's menus include some notice that an automatic gratuity or service charge is added to the customer's bill, the notice is inadequate as it is written in small, hard to read type and/or not in the same form and manner of the other items on the menu, or otherwise posted conspicuously.

46. Defendant's acts and omissions constitute violations of Miami-Dade County Code of Ordinances, Sec. 8A-110.1(3), which the Miami-Dade County Commission enacted to establish, among other things, a tipping policy "that the customer had the discretion to tip based upon the level of service provided."

47. Miami-Dade County Code of Ordinances, Sec. 8A-110.1 is an ordinance related to trade or commerce that proscribes unfair, deceptive, or unconscionable acts or practices by requiring the disclosure of certain automatic charges that a customer must pay.

48. FDUTPA provides in § 501.203(3)(c) that a violation may be based upon "any law, statute, rule, regulation, or ordinance" which proscribes s unfair, deceptive, or unconscionable acts or practices in trade or commerce.

49. As a result, Defendant's failure to provide the statutorily required notice of an automatic gratuity or service charge constitutes a *per se* violation of FDUTPA.

50. As a direct and proximate result of Defendant's *per se* violations of FDUTPA, Plaintiff and Class members suffered actual damages and are entitled to obtain the relief requested as set forth below.

51. Defendant violated Florida law by engaging in the following conduct:

　　a. unfair, deceptive and/or unconscionable practices in the conduct of trade or commerce by adding automatic gratuities or service charges without adequate disclosure to customers including Plaintiff and the Class;

　　b. unfair, deceptive and/or unconscionable practices in the conduct of trade or commerce by adding automatic gratuities or service charges without adequate disclosure because the notice is written in small, difficult to read type;

　　c. unfair, deceptive and/or unconscionable practices in the conduct of trade or commerce by presenting customers with a check adding an automatic service charge, with a line below the total allowing a customer to add an additional gratuity, causing confusion about the nature of the automatic charge;

　　d. falsely representing that the prices for food and/or beverages ordered by Plaintiff and the Class would be lower than they were when presented with the check;

　　e. failing to disclose the automatic gratuities or service charges;

　　f. failing to disclose the nature of the automatic charges added to a customer's check, whether a service charge paid to the restaurant or a gratuity paid to the restaurant server;

　　g. injury, loss and damages were likely as a result of the failure to disclose the information concerning automatic gratuity or service charges;

    h.  otherwise using false, deceptive, misleading and unfair or unconscionable means to overcharge for food and beverages.

  52.  Defendant's acts and practices described above were done with intentional and/or negligent disregard for Plaintiff's rights under the law and with the purpose of taking more money from Plaintiff and Class members than the fair market value reflected in the menu price for food and beverages.

  53.  Defendant was engaged in the unconscionable, unfair, and deceptive acts set forth in this Complaint in the conduct of trade or commerce.

  54.  The improper activities and conduct by Defendant alleged herein is continuing and will be repeated in the future.

  55.  Plaintiff faces an actual and imminent threat of future injury because Defendant's improper conduct continues, and she is unable to rely on Defendant's compliance with applicable law in the future. If Defendant conformed its conduct to comply with Florida law, Plaintiff would consider purchasing food and/or beverages from Defendant's restaurants in the future.

  56.  The acts alleged against Defendant that are the subject of the class action were authorized, ordered, or done by their officers, directors, agents, employees, and/or representatives, including but not limited to persons involved in the operation, management, control and/or licensing of restaurants and bars inside the hotel while actively engaged in the operation of Defendant's business.

  57.  The information related to automatic gratuities, service charges or other automatic fees Defendant withheld and failed to adequately disclose on their menus was material.

  58.  Defendant's acts and practices described are objectively likely to mislead customers like Plaintiff and Class members acting reasonably in the same circumstances.

59. Defendant's conduct and practices described above offend established public policy and are immoral, unethical, oppressive, unscrupulous and substantially injurious to customers.

60. As a direct and proximate result of Defendant's unfair and deceptive trade practices, Plaintiff and Class members suffered actual damages and are entitled to obtain the relief requested as set forth below.

## VII. DEMAND FOR JURY TRIAL

61. Plaintiff demands a trial by jury on all claims and issues so triable.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted against Defendant with the entry of an order:

A. certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class;

B. entering a judgment declaring that Defendant's acts and omissions as described above are in violation of Florida law as alleged;

C. granting an injunction directing Defendant to discontinue the unlawful acts and practices by conspicuously placing notice on menus and the face of bills provided to customers that automatic gratuities or service charges will be included, or, alternatively, to no longer add automatic gratuities or service charges to customers' bills;

D. awarding actual damages;

E. awarding reasonable attorneys' fees, costs and prejudgment and post-judgment interest pursuant to law; and

F. granting such other and further relief as may be just and proper.

                                                         Respectfully submitted,
                                                         **SUE DE LARA**

                                      By:   *s/ David M. Marco*
                                                         Attorney for Plaintiff

Dated: June 29, 2018

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
T: (312) 546-6539
F: (888) 418-1277
dmarco@smithmarco.com

**LEWIS SAUL & ASSOCIATES, P.C.**
Edward A. Coleman (*pro hac vice forthcoming*)
29 Howard Street, 3rd Floor
New York, NY 10013
T: (212) 376-8450
F: (212) 376-8447
ecoleman@lewissaul.com

*Attorneys for Plaintiff and the Class*